# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No .05-MC-9040-RED |
| | ) | |
| ROBERT J. RIMA, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The United States filed a Petition to Enforce Internal Revenue Service Summons. Filed with the Petition is a Declaration by Sheila Jenkins, Revenue Officer, and a Declaration by Walter H. Staton, Revenue Officer. Thereafter, a Show Cause Order was entered. On January 11, 2006, the taxpayer appeared personally for a show cause hearing with counsel Oscar Stilley, and the United States was represented by Cynthia Hyde, Assistant United States Attorney. On June 2, 2006, all parties appeared with counsel to resume the recessed show cause hearing.

United States v. Powell, 379 U.S. 48, 57-58 (1964), established the elements of the prima facie case that the government must present in seeking enforcement of a Revenue Service Summons. It must show 1) that the investigation will be conducted pursuant to a legitimate purpose; 2) that the inquiry may be relevant to the purpose; 3) that the information sought is not already within the Commissioner's possession, and 4) that the administrative steps required by the Code have been followed–in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect. The Declaration and testimony of Revenue

Officer Sheila Jenkins established that the investigation of this taxpayer is for the purpose of determining his tax liability for the years ending December 31, 2003, and 2004. The records sought from the taxpayer are clearly relevant to this determination. At the initial hearing, the taxpayer, through counsel, requested that he be provided a copy of the tax assessment and a period of time to pay it, if appropriate. [Tr. 1/11/06, pg. 16]. The United States acknowledged that if the assessment was paid, this matter would be resolved. The United States was thereafter ordered to provide a copy of the assessment, and the hearing was recessed. Subsequent pleadings made it apparent that the matter was not going to be resolved. Rather, a dispute had arisen regarding the adequacy of the assessment provided. The show cause hearing was reconvened on June 2, 2006. At that hearing, the taxpayer attempted to litigate the adequacy of the assessment . He was afforded the opportunity to present evidence regarding the prima facie case. [Tr. 6/2/06, pgs. 4,5]   Rather than avail himself of the opportunity, counsel asserted that he had been denied the right to cross examine Revenue Officer Staton, and that the assessment provided was inadequate.

     The purpose of the summons enforcement proceeding is to determine whether the summons was issued for a proper purpose. It is not to challenge the validity of an assessment. United States v. Mueller, 930 F.2d 10, 12 (8th Cir. 1991). The fact that the court offered the parties an opportunity to settle out of court does not change the nature of the in court proceedings. The argued inability to cross examine Revenue Officer Staton is misplaced. Officer Staton filed a declaration stating that he served the summons. This is a fact not denied.

     Because the prima facie case has been established, and because the taxpayer has done nothing to disprove a valid civil purpose for the investigation and summons, United States v. LaSalle National Bank, 437 U. S. 298, (1978), it is

RECOMMENDED that the Petition to Enforce Internal Revenue Service Summons be granted, and that the taxpayer be directed to appear before the United States District Judge to whom this matter is assigned at a time established by that Court and produce all records required by the summons or, in the alternative, show cause why he should not be held in contempt.

    /s/ James C. England
**JAMES C. ENGLAND, CHIEF**
**UNITED STATES MAGISTRATE JUDGE**

Date: July 7, 2006